**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 94-40253
_____

UNITED STATES,

Plaintiff-Appellee,

VERSUS

CECIL RAY PATTERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
_____

(December 23, 1994)

Before DAVIS, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:

Cecil Ray Patterson was convicted of possession of a firearm as a felon, 18 U.S.C. § 922(g), and carrying a firearm in connection with a crime of violence, 18 U.S.C. § 924(c)(1).[1] The district court found that Patterson qualified as a career offender under U.S.S.G. § 4B1.1 and sentenced Patterson to 366 months imprisonment on the 922(g) conviction and a five year consecutive term on the 924(c)(1) conviction. This court then vacated his sentence and remanded for a determination of whether

_____

[1]Full facts underlying these convictions are detailed in **United States v. Patterson**, No. 92-5258 (5th Cir. June 18, 1993).

Patterson's prior convictions constituted crimes of violence within the meaning of the career offender guideline. **Id.**

At resentencing, the district court held that Patterson did not have the requisite prior convictions to qualify as a career offender under U.S.S.G. § 4B1.1 and resentenced Patterson as an armed career criminal under U.S.S.G. § 4B1.4. The district court entered an Order and Judgment on Resentencing (Resentencing Order), reducing Patterson's sentence to 327 months imprisonment on the 922(g) conviction. The remainder of the sentence did not change.

Shortly after resentencing, the district court filed a Corrected Order and Judgment on Resentencing (Corrected Order) vacating Patterson's 924(c)(1) conviction.[2] Except for deleting all reference to the 924(c)(1) conviction, this order was identical to the Resentencing Order. Patterson attacks this Corrected Order on several grounds.

I.

Patterson first argues that the district court erred by declining to appoint counsel at his resentencing hearing. Prior to his first sentencing, Patterson dismissed his court-appointed attorney, made a knowing and intelligent waiver of his right to counsel, and represented himself through the original sentencing hearing. At his resentencing hearing, Patterson told the district court that he thought it would be beneficial to have an attorney, but only to help him get access to law enforcement documents pertaining to his prior convictions. Patterson told the court that

[2]The district court found that the 924(c)(1) conviction was improper because the underlying crime of violence was not a federal crime, as the statute requires.

"[o]ther than doing the investigative work, I do not want an attorney." He filed a written motion reiterating this limited request. The district court did not appoint him an attorney.

Patterson now claims that the district court erred by not appointing him new counsel. We disagree. Patterson did not unequivocally withdraw his prior waiver and reassert his right to counsel. If he had, this might be a different issue. **See United States v. Taylor**, 933 F.2d 307, 311-13 (5th Cir.), **cert. denied**, 112 S.Ct. 235 (1991). At best, Patterson was asking the district court to appoint advisory counsel - an attorney who would be limited to assisting him in technical matters. The sixth amendment right to counsel does not extend to such a request. **Locks v. Sumner**, 703 F.2d 403, 407-08 (9th Cir.), **cert. denied**, 464 U.S. 933 (1983). **See also United States v. Shea**, 508 F.2d 82, 85-86 (5th Cir.), **cert. denied**, 423 U.S. 847 (1975). The decision to allow this type of hybrid representation is squarely within the discretion of the district court. **Locks**, 703 F.2d at 408. The court did not abuse its discretion in declining to appoint counsel under these circumstances.

## II.

Patterson complains next that the district court erred by not holding another hearing before entering its last sentencing order, the Corrected Order. Patterson received two full sentencing hearings, one before the district court entered his original sentence and another before the court entered the Resentencing Order. The district court did not hold an additional hearing

3

before it rendered the Corrected Order, which it entered within a week of the Resentencing Order. Patterson now contends that he was entitled to a third chance to object to the Presentence Investigation Report (PSR) and a third sentencing hearing before the entry of the Corrected Order. Patterson's contention is incorrect.

A defendant's right to be present when the district court alters his sentence depends on the type of action the district court is taking. If the district court is imposing a new sentence after the original sentence has been set aside, the defendant is entitled to be there. **United States v. Moree**, 928 F.2d 654, 655 (5th Cir. 1991). However, a defendant is not entitled to be present when the district court merely modifies an existing sentence. **Id.**

With its Corrected Order, the district court was not imposing a new sentence. To the contrary, it was correcting a discrete portion of the Resentencing Order it had already rendered. The Resentencing Order had not been vacated or set aside. The sole change made by the Corrected Order was to vacate Patterson's 924(c)(1) conviction and remove all reference to that conviction from the sentence. Thus, Patterson had no right to be present or to be heard before the district court entered its Corrected Order.

III.

Patterson argues that because his conviction for carrying a firearm in connection with a crime of violence has been vacated, he no longer qualifies as an armed career criminal under U.S.S.G. 4B1.4. However, his armed career criminal status has never

depended on his 924(c)(1) conviction; it has always rested solely on the fact that Patterson, a felon in possession of a firearm, used that firearm to shoot a policeman. **See Patterson**, No. 92-5258 (5th Cir. 1992). Nothing about his corrected sentence changes this.[3]

IV.

Patterson argues finally that the district court vindictively penalized him for exercising his right to appeal by making his second sentence more severe than his initial sentence. Patterson was originally sentenced to 366 months on the 922(g) conviction plus five consecutive years on the 924(c)(1) conviction, for a total of 426 months. After the Corrected Order, Patterson was left with a 327 month sentence on the 922(g) conviction. Patterson argues that the first sentence was at the bottom of his original guideline range, while his second sentence was at the very top of his new, lower guideline range, making it a harsher sentence.

---

[3]Patterson also argues that the district court incorrectly enhanced his 922(g) sentence under several guideline provisions. These contentions were addressed in the earlier appeal and we decline to revisit them.

Additionally, in his Supplemental Response to Brief of Appellee, Patterson argues for the first time that the district court did not adequately specify its reasons for choosing a particular length of sentence within a guideline range that exceeds 24 months. We do not find that this is an issue of manifest injustice, and so decline to address this tardy argument. **See United States v. Winn**, 948 F.2d 145, 157 (5th Cir. 1991), **cert. denied**, 112 S.Ct. 1599 (1992).

5

Patterson's argument is meritless.  Viewed cumulatively or count-by-count, Patterson's second sentence was shorter than his first.  There is no error here.[4]

For the above reasons, Patterson's sentence imposed by the district court in its Corrected Order and Judgment on Resentencing is AFFIRMED.

---

[4]Patterson contends that the PSR will provide the Bureau of Prisons with inaccurate information because it does not reflect that his 924(c)(1) conviction is no longer valid.  Patterson's concern is baseless.  In addition to the PSR, the Bureau of Prisons will receive the district court's Corrected Order, which clearly vacates the 924(c)(1) conviction.