IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40733
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERMAN DUQUE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-90-CR-424-2
--------------------

December 10, 1999

Before POLITZ, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

German Duque, federal prisoner # 54991-079, pleaded guilty to one count of conspiracy to possess cocaine with intent to distribute. He was sentenced to 292 months' imprisonment. The district court granted Duque leave to file an out-of-time appeal. Duque has filed a motion to proceed *pro se* on appeal, asserting that he and his attorney were in conflict about the issues to be raised on appeal. Such a request must be made unequivocally. Brown v. Wainwright, 665 F.2d 607, 610 (5th Cir. 1982)(en banc). Duque's request is not unequivocal because he has not requested

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the appellate brief filed by his attorney be stricken. Duque is not entitled to hybrid representation on appeal. <u>See Myers v. Johnson</u>, 76 F.3d 1330, 1335 (5th Cir. 1996). As a result, Duque's motion is DENIED.

On appeal, Duque argues that the district court erred in failing to resentence him when it granted the out-of-time appeal and failed to have him present for resentencing, that a coconspirator's possession of a concealed firearm during the drug conspiracy was not reasonably foreseeable, and that the facts relied upon by the district court to determine Duque was a manager or organizer of the conspiracy did not have a sufficient indicia of reliability.

The district court did not resentence Duque, but instead entered a judgment granting an out-of-time appeal. Consequently, it was not necessary for Duque to be present. <u>See United States v. Patterson</u>, 42 F.3d 246, 248 (5th Cir. 1994). Nor did the district court err in not resentencing Duque. The relief requested in the 28 U.S.C. § 2255 motion and granted by the district court after remand from this court was limited to an out-of-time appeal.

The district court did not clearly err in enhancing Duque's sentence based upon a codefendant's possession of a firearm because "firearms are 'tools of the trade' of those engaged in illegal drug activities." <u>See United States v. Aguilera-Zapata</u>, 901 F.2d 1209, 1215 (5th Cir. 1990)(internal quotation and citation omitted). Likewise the district court did not clearly err in finding that Duque was a leader or organizer because he

did not carry his burden of rebutting the validity of the presentence investigation report.  United States v. Angulo, 927 F.2d 202, 205 (5th Cir. 1991).  This is particularly true in light of the fact that both Duque and his trial attorney admitted at sentencing that Duque had lied in the past about the facts and his involvement in the narcotics conspiracy.  Consequently, Duque's conviction and sentence are AFFIRMED.

CONVICTION AND SENTENCE AFFIRMED; MOTION TO PROCEED *PRO SE* ON APPEAL DENIED.