IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50337
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT BENJAMIN BADGER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-98-CR-087-1
--------------------
January 12, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Robert Benjamin Badger was convicted of one count of distribution of cocaine base.  On appeal, he argues that the trial court abused its discretion by denying a jury request to let him speak after the close of evidence, but before closing arguments.  We have reviewed the briefs and the record and hold that the district court did not abuse its discretion in refusing to reopen the evidence to let Badger speak, given that Badger testified before the jury and the request would have resulted in

_____

[*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cumulative evidence.  See <u>United States v. Walker</u>, 772 F.2d 1172, 1177 (5th Cir. 1985); <u>United States v. Rodriquez</u>, 43 F.3d 117, 125-26 (5th Cir. 1995).  Likewise, refusing to allow Badger to give part of the closing arguments while maintaining attorney representation was not an abuse of discretion.  See <u>United States v. Patterson</u>, 42 F.3d 246, 248 (5th Cir. 1994).

Badger also challenges the admission of evidence of other crimes, in violation of FED. R. EVID. 404(b).  The questionable statement was relevant to an issue other than Badger's character because it explained why the confidential informant acted in a certain way, and the information was more probative than prejudicial.  See <u>United States v. Beechum</u>, 582 F.2d 898, 911 (5th Cir. 1978)(en banc).

AFFIRMED.