United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 12, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50757
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOUIS ZENO LAWRENCE, also known as
Lewis Zeno Lawrence,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-97-CR-004-3-SS
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Louis Zeno Lawrence, federal prisoner # 45605-080, appeals his resentencing for his convictions for possession of marijuana with intent to distribute and for conspiracy to commit money laundering. Lawrence was originally sentenced to concurrent terms of 292 and 240 months, respectively. In conjunction with a 28 U.S.C. § 2255 motion filed by Lawrence, the district court altered Lawrence's sentence in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), and sentenced Lawrence to consecutive terms

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of 240 months for the money laundering offense and 52 months for the drug offense.  On appeal, this court concluded that Apprendi was not retroactively applicable to cases on collateral review, vacated Lawrence's sentence, and ordered that Lawrence be resentenced to his original sentence.

Lawrence, who is proceeding *pro se* on appeal, raises numerous challenges to his indictment, his guilty plea, and his sentence.  "The only issues on remand properly before the district court are those issues arising out of the correction of the sentence ordered by this court."  United States v. Marmolejo, 139 F.3d 528, 531 (5th Cir. 1998).  Because Lawrence could have raised these issues in his direct appeal in 1997, he may not present them now.  See id.

Lawrence also contends that the district court wrongly resentenced him *in absentia*.  The mandate of this court specifically required the district court to reimpose Lawrence's original sentence, at which time he was present and had an opportunity for allocution.  Therefore, the sentence received by Lawrence was not a "new" sentence requiring his presence.  Cf. United States v. Patterson, 42 F.3d 246, 248 (5th Cir. 1994).  Consequently, the judgment of the district court is AFFIRMED.

The Government's motion to seal its appellate brief is GRANTED.