**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-50395
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RALPH ELBERT BUHL

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-109-1

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Ralph Elbert Buhl, federal prisoner # 35572-180, who is serving a sentence for a drug conviction, moves to proceed in forma pauperis (IFP) to appeal the district court's order denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied Buhl leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith for the reasons stated in its order denying relief. By moving for leave to proceed IFP, Buhl is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Pursuant to § 3582(c)(2), a defendant may have his sentence modified if he was sentenced to a term of imprisonment based upon a sentencing range that subsequently was lowered by the Sentencing Commission. § 3582(c)(2). We review the denial of a § 3582(c)(2) motion for abuse of discretion. *See United States v. Shaw*, 30 F.3d 26, 28 (5th Cir. 1994).

Buhl based his § 3582(c)(2) motion on the United States Sentencing Commission's adoption of Amendment 706, which modified the sentencing ranges applicable to crack cocaine offenses to reduce the disparity between crack cocaine and powder cocaine sentences. *See* United States Sentencing Commission, *Guidelines Manual*, Supp. to Appendix C, Amendment 706, p. 226-31 (Nov. 1, 2007) (amending U.S.S.G. § 2D1.1(c)). Buhl argued that in light of Amendment 706 and the district court's finding that he was responsible for 1,500 grams of crack cocaine, he was eligible for a reduction in his sentence.

During the sentencing hearing, Buhl's counsel abandoned his objection to the drug amount calculated by the presentence report, and the district court adopted the presentence report's calculation of Buhl's offense level which was based, in part, on a finding that Buhl should be held responsible for 6.89 kilograms of crack cocaine. As found by the district court, even under the new amendments to the crack cocaine guidelines, that amount of crack cocaine yields the same base offense level of 38. Accordingly, because Buhl's sentencing range has not been subsequently lowered by the Sentencing Commission, the district court did not abuse its discretion in denying Buhl's § 3582(c)(2) motion.

Buhl also argues that the district court erred when it failed to give him notice and an opportunity to be heard before denying his motion. Because Buhl's base offense level remains the same even under the new amendments to the crack cocaine guidelines, any error by the district court in not holding a hearing was harmless. *See United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999).

Buhl has not shown that the district court's determination that his appeal would be frivolous was incorrect. Accordingly, his request for IFP is DENIED, *see Baugh*, 117 F.3d at 202 n.24, and his appeal is DISMISSED. *See* 5TH CIR. R. 42.2.