# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 9, 2010

Charles R. Fulbruge III
Clerk

No. 09-10177

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAMIE PERKINS,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CR-55-21

Before JOLLY and DENNIS, Circuit Judges, and BOYLE,[*] District Judge.

PER CURIAM:[**]

Following his conviction by a jury on several narcotics and firearms charges, Jamie Perkins was sentenced to 168 months in prison on each of three counts involving crack cocaine, with the terms to run concurrently. Following amendments to the Sentencing Guidelines that lowered the base offense levels for crack cocaine offenses, the district court granted Perkins's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and reduced Perkins's sentence on the

---

[*] District Judge of the Northern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

crack cocaine convictions to 133 months of imprisonment on each count, to run concurrently with each other. Perkins appeals. The Government has moved for summary affirmance or, alternatively, for an extension of time to file a brief.

Perkins challenges the limits on the district court's discretion set forth in U.S.S.G § 1B1.10 and argues the district court had the authority to impose a sentence below the minimum under *United States v. Booker*, 543 U.S. 220 (2005). The argument fails in the light of our recent decision in *United States v. Doublin*, 572 F.3d 235 (5th Cir. 2009).

Perkins contends that the district court erred in failing to revisit the drug quantity used to calculate his guidelines offense level and the sufficiency of the evidence as to certain of the firearms charges. As we have previously stated, a § 3582(c)(2) motion "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). The application of § 1B1.10 is mandatory, *Doublin*, 572 F.3d at 238, and under § 1B.1.10, the district court, when reducing a defendant's sentence under § 3582(c)(2), "shall leave all other guideline application decisions unaffected."

Perkins further argues that he had a right to be present at his resentencing. Because the district court "merely modifie[d] an existing sentence" rather than imposing a new sentence after the original sentence had been set aside, Perkins was not entitled to be present. *See United States v. Patterson*, 42 F.3d 246, 248-49 (5th Cir. 1994).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED as moot.