# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 22, 2010

Lyle W. Cayce
Clerk

No. 09-30334
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

COREY LYNDELL BLOUNT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:98-CR-20058-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Corey Lyndell Blount, federal prisoner # 83126-079, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his life sentence for participation in a continuing criminal enterprise and use of a communication facility to facilitate or cause controlled substance offenses. Blount asserts that he was eligible for a sentence reduction because his sentence was based on a guidelines range that was subsequently lowered since his guidelines sentence range was calculated based upon U.S.S.G. § 2D1.1, and the offense levels under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2D1.1 were lowered by the crack cocaine amendments to the Guidelines. He contends that his mandatory life sentence under 21 U.S.C. § 848(b) was improper under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its antecedents because the jury did not make the factual finding that his offense involved the amount of drugs necessary to trigger the statutorily mandated life sentence. He maintains that if his Guidelines sentence range were based on the amount of cocaine base found by the jury, it would be significantly lowered by the crack cocaine amendments, making the district court's denial of his § 3582(c)(2) motion erroneous. Blount further argues that the district court erred by relying on the probation officer's determination that his Guidelines sentence range was not lowered by the crack cocaine amendments because the probation officer's determination was based upon erroneous drug quantity findings set forth in the PSR. He contends that challenges to the calculation of a base offense level may be raised in a § 3582(c)(2) motion. Blount asserts that the district court should have held a hearing on his § 3582(c)(2) motion to consider his challenges to the drug quantity determination.

Blount may not use a § 3582(c)(2) motion to re-litigate whether he was subject to a statutory minimum life sentence under § 848(b). *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). As Blount was sentenced to a statutory minimum life sentence, the crack cocaine amendments did not lower his guidelines sentence range, and he was not eligible for a sentence reduction under § 3582(c)(2). *See* U.S.S.G. §§ 1B1.10, cmt. (n.1); 5G1.1(b), (c)(2); *United States v. Pardue*, 36 F.3d 429, 431 (5th Cir. 1994). Blount has not shown that the district court abused its discretion by denying his motion without holding an evidentiary hearing. *See* FED. R. CRIM. P. 43(b)(4); *United States v. Patterson*, 42 F.3d 246, 248-49 (5th Cir. 1994).

AFFIRMED; MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO SUPPLEMENT RECORD DENIED.