# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2010

No. 08-30640
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SAMUEL CHARLES, III,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:02-CR-60062-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Samuel Charles, III, federal prisoner # 11592-035, pleaded guilty in 2003 to distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). He appeals the district court's summary denial of its *sua sponte* 18 U.S.C. § 3582(c)(2) motion to reduce Charles' sentence based upon the Guidelines range for crack-cocaine offenses being lowered by Amendment 706. Charles contends the district court erred in not reducing his sentence by failing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-30640

to: (1) address the sentencing factors set forth in 18 U.S.C. § 3553(a); and (2) provide him an opportunity to be heard.

Although § 3582(c)(2) directs district courts to consider the sentencing factors of § 3553(a), the reasonableness standard of *United States v. Booker*, 543 U.S. 220 (2005), does *not* apply to § 3582(c)(2) proceedings. *United States v. Evans*, 587 F.3d 667, 671-72 (5th Cir. 2009) (citing *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009)), *cert. denied*, 130 S. Ct. 3462 (2010). Instead, the district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion. *See United States v. Cooley*, 590 F.3d 293, 295 (5th Cir. 2009).

In exercising its discretion under § 3582(c)(2), the district court is required to consider: (1) the § 3553(a) sentencing factors, (2) the nature and seriousness of the potential danger to the community if defendant's sentence is reduced, and (3) defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. n.1B(i)-(iii). The district court explicitly considered the last two factors in denying the motion, emphasizing Charles' criminal history and post-sentencing disciplinary infractions. By focusing on Charles' criminal history, the district court implicitly weighed the § 3553(a) factors; it was *not* required to explain its consideration of them. *See Cooley*, 590 F.3d at 298 ("[A] court is *not* required to state findings of fact and conclusions of law when denying a § 3582(c)(2) motion".) (emphasis added) (internal quotations omitted).

Finally, the court did *not* err in denying the motion without conducting a hearing because there were *no* contested issues of fact to be resolved. Where a proceeding involves only the correction or reduction of a sentence under § 3582(c), defendant's presence is *not* required. *See* FED. R. CRIM. P. 43(b)(4); *see also United States v. Patterson*, 42 F.3d 246, 248-49 (5th Cir. 1994) (citing *United States v. Moree*, 928 F.2d 654, 655 (5th Cir. 1991)) ("[A] defendant is not entitled to be present when the district court merely modifies an existing sentence".)

AFFIRMED.