# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 10, 2010

Lyle W. Cayce
Clerk

No. 08-51102
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARVIN WEBSTER, JR,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:92-CR-26-4

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Marvin Webster, Jr., federal prisoner # 60145-079, seeks leave to appeal in forma pauperis (IFP) from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion. Webster was convicted after a jury trial of conspiracy to possess with intent to distribute more than 50 grams of "crack" cocaine. He was sentenced to life in prison after the district court found that he should be held accountable for 16 kilograms of crack cocaine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-51102

By moving to proceed IFP, Webster is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Webster argues that the district court abused its discretion in denying his § 3582(c)(2) motion without first appointing him counsel and holding a hearing and that it abused its discretion in denying his motion without first converting the amount of drugs attributable to him to a marijuana equivalency pursuant to Amendment 711 to the United States Sentencing Guidelines. He argues that the district court failed to consider resentencing him under § 3582(c)(2) in light of *United States v. Kimbrough*, 552 U.S. 85 (2007), *United States v. Booker*, 543 U.S. 220 (2005), and the 18 U.S.C. § 3553(a) factors. He also argues that the sentencing court plainly erred in assigning him four criminal history points.

The record indicates that the district court reduced Webster's base offense level to 38. His total offense level of 41, when combined with his criminal history category of III, yielded a recommended offense level of 360 months to life. The district court decided that because the amount of drugs distributed by Webster and the other members of the conspiracy was more than three times the top amount noted in the drug quantity table, it would not exercise its discretion to reduce Webster's sentence.

Webster was not entitled to a hearing or appointed counsel in connection with his § 3582(c) proceeding. *See* FED. R. CRIM. P. 43(b)(4); *United States v. Patterson*, 42 F.3d 246, 248-49 (5th Cir. 1994); *United States v. Hereford*, No. 08-10452, 2010 WL 2782780 (5th Cir. July 12, 2010); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). In addition, Webster has not shown that the district court abused its discretion in finding that, based upon the amount of drugs involved in the conspiracy, his sentence should remain the same. *See United States v. Evans*, 587 F.3d 667, 672-74 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010); *Whitebird*, 55 F.3d at 1010.

No. 08-51102

Webster's argument that, based upon *Kimbrough* and *Booker*, the district court should have sentenced him below the revised guidelines range is unavailing.  *See United States v. Doublin*, 572 F.3d 235, 237-39 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).  In addition, because Webster's sentence was based upon an amount of crack cocaine, the district court was not obligated to convert any drug amount to marijuana when determining his revised base offense level.  *See* U.S.S.G. § 2D1.1, comment. (n.10(B), (D)).  Notably, Webster may not, in the context of a § 3582(c)(2) proceeding, challenge the sentencing court's finding that any powder cocaine attributed to him was converted to crack cocaine for sale to others.  *See Whitebird*, 55 F.3d at 1010.  He also cannot challenge his criminal history calculation in the context of a § 3582(c)(2) proceeding.  *Id.*

As Webster has failed to show that his appeal involves a nonfrivolous issue, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), his motion for IFP is DENIED.  Because the appeal is frivolous, it is DISMISSED.  *See* 5TH CIR. R. 42.2.