**REVISED December 17, 2010**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 09-40361
Summary Calendar

**United States Court of Appeals
Fifth Circuit**

**F I L E D**

December 17, 2010

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CEDRIC CATLIN,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:01-CR-32-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Cedric Catlin, federal prisoner # 09269-078, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Catlin was convicted of conspiracy and distribution of crack cocaine. He was held accountable for 8.095 kilograms of cocaine base and sentenced to concurrent prison terms of 324 and 240 months.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40361

In the instant appeal, Catlin argues that the district court appointed the Federal Public Defender (FPD) to represent him in connection with his § 3582(c)(2) proceeding and then denied a sentence reduction before the FPD made an appearance; that the district court violated his Sixth Amendment right to counsel; that he was denied the right to be heard and the opportunity to file a position paper; and that, in denying his motion, the district court failed to consider the unjustness of the disparity in punishments between powder and crack cocaine offenses. He further suggests that the district court improperly failed to consider a sentence reduction under § 3582(c)(2) in light of *United States v. Booker*, 543 U.S. 220 (2005), *Kimbrough v. United States*, 552 U.S. 85 (2007), and the 18 U.S.C. § 3553(a) factors.

Section 3582(c)(2) allows a district court to reduce a term of imprisonment that was "based on a sentencing range that has subsequently been lowered by" an amendment to the Sentencing Guidelines. Eligibility for a § 3582(c)(2) reduction "is triggered only by an amendment . . . that lowers the applicable guideline range." U.S.S.G. § 1B1.10 cmt. n.1(A); *see United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). In this instance, due to the amount of crack cocaine involved, Catlin's offense level was not reduced by the crack cocaine amendment of 2007. Therefore, he was not eligible for a sentence reduction under § 3582(c)(2). *See* U.S.S.G. § 1B1.10 cmt. n.1(A).

Likewise unavailing is Catlin's argument that, based upon *Booker*, *Kimbrough,* 552 U.S. at 98-101, and the § 3553(a) sentencing factors, the district court should have reduced his sentence. *See Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010); *United States v. Doublin*, 572 F.3d 235, 237-39 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). A movant under § 3582(c)(2) is entitled at most to the reduction allowed by the amended guidelines range, and a sentencing court lacks discretion to reduce the sentence any further than that allowed by the amendment. *Doublin*, 572 F.3d at 237-38. Because Catlin was

not entitled to a sentence reduction based on the crack amendment, no relief is available under § 3582(c)(2). *See id.*

Although Catlin argues that the district court appointed the FPD to represent him and then denied his § 3582(c)(2) motion before the FPD's appearance, the document to which Catlin refers in support of this argument references the court's appointment of the FPD for one of his codefendants. Catlin's related argument that the district court violated his Sixth Amendment right to counsel also fails. This court has previously held that there is no right to counsel at a § 3582(c)(2) proceeding. *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995). However, more recently, this court has suggested that "[t]he question . . . of whether a § 3582(c)(2) motion triggers either a statutory or constitutional right to an attorney—in either this court or the district court—is a different question now than it was before the [2008] amendments to U.S.S.G. § 1B1.10(b)," because the amendments allow district courts to exercise discretion in a § 3582(c)(2) proceeding, where previously they had none. *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008).[1] Nonetheless, because Catlin was not even eligible for a sentence reduction under § 3582(c)(2), we conclude that the district court did not need to exercise discretion to deny his motion, and thus he was not entitled to counsel.

Finally, Catlin filed a 15-page motion and memorandum in support of his request for a sentence reduction, and was thus afforded an opportunity to make his views known to the district court. Regarding the right to be heard, Catlin was not entitled to be present at a hearing in connection with his § 3582(c)(2) proceeding. *See* Fed. R. Crim. P. 43(b)(4); *see also United States v. Patterson*, 42

---

[1] U.S.S.G. § 1B1.10(b) lays out the sentencing procedures to be followed in § 3582(c)(2) hearings. The changes noted in *Robinson* are at U.S.S.G. § 1B1.10 cmt. n.1(B), which allows district courts to exercise discretion in determining "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" as well as the "post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." 542 F.3d at 1052 (quoting U.S.S.G. § 1B1.10 cmt. n.1(B)(ii) and (iii)).

F.3d 246, 248-49 (5th Cir. 1994) (holding that a defendant does not have the right to a hearing when the district court merely modifies an existing sentence, rather than imposing a new sentence after the original sentence has been set aside). More recently, in unpublished opinions, this court has held that an evidentiary hearing is generally only required in a § 3582(c)(2) proceeding if a factual dispute exists. *United States v. Edwards*, No. 97-60326, 1998 WL 546471 at *3 (5th Cir. Aug. 6, 1998) (unpublished); *see United States v. Jones*, 370 F. App'x 477, 478 (5th Cir. 2010) (unpublished), *petition for cert. filed* (June 10, 2010) (No. 09-11346) (finding no entitlement to hearing due to the absence of a factual dispute). Here, Catlin has not identified any factual dispute necessitating an evidentiary hearing. Moreover, because the district court could not have granted a sentence reduction, any error resulting from the failure to provide a hearing was harmless. *See* Fed. R. Crim. P. 52(a); *United States v. Buhl*, 313 F. App'x 717, 718 (5th Cir. 2009) (unpublished) (holding that any procedural error in denying the defendant's § 3582(c)(2) motion was harmless because the defendant was not eligible for a sentence reduction).

The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.