# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2010

No. 10-10149
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DERRICK MOORE, also known as Black,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-174-14

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Derrick Moore, federal prisoner # 29110-177, appeals the district court's denial of his second motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Moore's § 3582(c)(2) motion was based upon Amendment 706 to the United States Sentencing Guidelines, which lowered the guidelines offense levels for crack cocaine offenses. Moore is serving a 140-month sentence for a conspiracy conviction in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10149

Moore argues that he is eligible for a sentence reduction because his offense involved crack cocaine, that he was entitled to a hearing in the district court, and that the district court erred in failing to appoint him counsel in connection with his § 3582(c)(2) proceeding.  Moore was not entitled to a hearing in the district court, *see* FED. R. CRIM. P. 43(b)(4); *United States v. Patterson*, 42 F.3d 246, 248-49 (5th Cir. 1994); and there was no plain error in the failure of the district court to appoint counsel for Moore sua sponte, *see United States v. Hereford*, No. 08-10452, 2010 WL 2782780, *1 (5th Cir. July 12, 2010); *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995).

Section 3582 permits a defendant to move, under certain circumstances, for discretionary modification of his sentence if it was based on a sentencing range that the Sentencing Commission later lowered. § 3582(c)(2); *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997).  Amendment 706 applies to those whose sentences were determined by calculating their guidelines offense levels in accordance with the pertinent Guideline for crack cocaine, i.e., cocaine base.  *See United States v. Burns*, 526 F.3d. 852, 861 (5th Cir. 2008).

The district court denied Moore relief under § 3582(c)(2) based upon a finding that his offense involved powder cocaine and not crack cocaine. Thus, the district court concluded that Moore was ineligible for a § 3582(c)(2) sentence reduction based upon Amendment 706.

The second addendum to Moore's presentence report (PSR) makes clear, however, that Moore's sentence was calculated based solely upon a quantity of cocaine base.  Accordingly, the district court's judgment is VACATED, and the case is REMANDED to the district court for consideration of Moore's § 3582(c)(2) motion in light of the second addendum to the PSR.