# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 21, 2011

Lyle W. Cayce
Clerk

No. 10-10145
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MONTREAL BLAIR, also known as Monty,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-168-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Montreal Blair, federal prisoner # 35120-177, appeals the district court's granting his 18 U.S.C. § 3582(c)(2) (term of imprisonment modification) motion to reduce his sentence based upon Amendment 706 to the United States Sentencing Guidelines (lowering base offense levels for crack-cocaine offenses); his sentence was lowered from 260 to 216 months' imprisonment. He contends the court erred by: failing to entirely recalculate his Guidelines range, including the amount of cocaine for which he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is liable, in accordance with *United States v. Booker*, 543 U.S. 220 (2005), and its progeny; and denying his requested hearing as part of the § 3582(c)(2) proceedings.   The district court's decision to reduce a sentence pursuant to § 3582(c)(2) is reviewed for abuse of discretion.  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

Contrary to Blair's assertions, the Government did *not* stipulate that he was accountable for only 50 grams of crack cocaine. He was *not* entitled to a full resentencing, but only to the two-level reduction in his offense level provided by Amendment 706.  *See* U.S.S.G. § 1B1.10(a)(3), (b)(1).  Because a § 3582(c)(2) sentence reduction does *not* constitute a full resentencing, the mandatory limitations on sentence reductions set forth in § 1B1.10 were *not* affected by *Booker*, and the bifurcated reasonableness review mandated by *Booker* and its progeny does *not* apply here.  *See Evans*, 587 F.3d at 670-72.

The record shows the court implicitly considered the 18 U.S.C. § 3553(a) sentencing factors and did *not* abuse its discretion in imposing a sentence within the amended Guidelines range of 188-235 months.  *See id.* at 673-74; *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).  Moreover, Blair has identified no factual dispute that would have been resolvable by the district court; therefore, he was *not* entitled to a hearing.  *See* FED. R. CRIM. P. 43(b)(4); *United States v. Patterson*, 42 F.3d 246, 248-49 (5th Cir. 1994).

AFFIRMED.