**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2011

No. 09-31221

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RICHARD RANDALE JACKSON,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CR-50134-3

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Richard Randale Jackson appeals from the denial of his motion for sentence modification pursuant to amendments to the Sentencing Guidelines. At issue is the drug-quantity finding at his sentencing in 2005. AFFIRMED.

I.

In 2005, Jackson was convicted of multiple counts of possession, with intent to distribute, crack cocaine and one count of conspiracy to distribute crack

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31221

cocaine. The pre-sentence investigation report (PSR) stated Jackson was responsible for "at least 40 kilograms of crack cocaine". For the advisory Guidelines, the PSR stated Jackson was subject to the highest base offense level (38), which was triggered by any amount over 1.5 kilograms of crack cocaine in the Drug Quantity Table. Jackson objected to that "at least 40 kilograms" quantity, contending the Government had not sufficiently proved he was responsible for more than 1.5 kilograms of crack cocaine.

At sentencing, after considering argument and evidence, the district court: stated "the 1.5 kilogram involvement is appropriate under the preponderance of the evidence and should be used"; adopted the proposed findings in the PSR; set Jackson's base offense level at 38; and sentenced him to 360 months' imprisonment, which was within the advisory Guidelines sentencing range. Our court affirmed Jackson's conviction and sentence. *United States v. German*, 486 F.3d 849, 854-55 (5th Cir. 2007).

In 2008, Jackson, *pro se*, filed an 18 U.S.C. § 3582(c)(2) motion, asserting amendments to the Guidelines had reduced the base offense level for his offense by two levels. The amended Guidelines now require 8.4 kilograms to trigger the maximum base offense level. U.S.S.G. § 2D1.1(c)(2). Jackson contended:  his offense level should be reduced because, at sentencing, he was found responsible for only 1.5 kilograms of crack cocaine.

The district judge, who had also presided at sentencing, denied the motion, citing the PSR and concluding Jackson's sentence was unaffected by the amendments because, at sentencing, he had been found responsible for 40 kilograms of crack cocaine.

II.

For this appeal, our court granted Jackson's motion to proceed *in forma pauperis* and appointed counsel for him.

2

No. 09-31221

Under § 3582(c)(2), a two-step process governs whether a sentence is reduced. *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). First, the district court must determine if defendant is eligible for a reduction under the amended Guidelines. *Id.* If he is not, the district court does not have authority to reduce the sentence. U.S.S.G. § 1B1.10(a)(2)(B). If, on the other hand, defendant is eligible for the reduction, the district court has discretion regarding whether a reduction is appropriate under the 18 U.S.C. § 3553(a) sentencing factors. *Dillon*, 130 S. Ct. at 2692; *United States v. Shaw*, 30 F.3d 26, 28 (5th Cir. 1994). In exercising that limited discretion, the court "shall leave all other guideline application decisions unaffected". U.S.S.G. § 1B1.10(b)(1). The district court did *not* reach the second step because, as discussed, it determined: Jackson, at sentencing, had been found responsible for 40 kilograms of crack cocaine; and, therefore, he was *not* eligible for the reduction.

Jackson does *not* contend the district court misapplied the Guidelines. Instead, he contends: the district court improperly re-litigated the drug-quantity determination because at sentencing it found him responsible for only 1.5 kilograms; and it is inappropriate for a district court to re-determine an earlier drug-quantity finding when considering a §3582(c)(2) motion. *See United States v. Perkins*, 364 F. App'x 133 (5th Cir. 2010). In other words, if the district court, at sentencing, found Jackson responsible for only 1.5 kilograms of crack cocaine, that would control and Jackson would be eligible for the reduction.

The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion, with the court's underlying interpretations of the Guidelines reviewed *de novo* and its findings of fact reviewed for clear error. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). At issue is the finding by the district court that, *at Jackson's sentencing*, he had been found responsible for 40 kilograms of crack cocaine. Therefore, we review that finding for clear error *vel*

3

*non.* "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948).

Jackson relies on the district court's statement, at sentencing, that "the 1.5 kilogram *involvement* is appropriate under the preponderance of the evidence and should be used". (Emphasis added.) Jackson asserts that this statement is inconsistent with the court's subsequent 40-kilogram determination when ruling on his § 3582(c)(2) motion. But, this statement is clarified when read in the context of the sentencing hearing.

Regarding the total drug quantity, the PSR stated: "the total amount of drugs attributable to . . . Jackson and other members of this conspiracy is at least 40 kilograms of crack cocaine". As noted, Jackson objected to this. At sentencing, the district court overruled the objection, stating: "[the court] do[es] adopt the factual findings of the probation office as contained in the presentence report".

References to 1.5 kilograms at sentencing relate to the *minimum* quantity of drugs then required to trigger the maximum base offense level. They do *not* relate to the full amount for which Jackson was found responsible. Because the PSR's proposed findings–which state Jackson was responsible for 40 kilograms of crack cocaine–were adopted by the district court at sentencing, this is the only plausible interpretation.

Therefore, our review of the record does not result in a "firm conviction that a mistake has been committed". *Id.* Thus, clear error cannot be established, and Jackson is not eligible for the sentence modification.

## III.

For the foregoing reasons, the denial of sentence modification is AFFIRMED.