# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40979
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 12, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENRIQUE ALBERTO MOREJON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CR-37-1

Before DAVIS, JONES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Enrique Alberto Morejon, federal prisoner # 26859-050, appeals the district court's grant of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the Sentencing Guidelines. He argues that the district court erred in reducing his sentence to only 133 months without holding a hearing because he should have had notice and an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40979

opportunity to contest or challenge the "new information" that the district court relied upon in determining his sentence reduction.

We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). In assessing whether to grant a sentence reduction, the district court considered Morejon's § 3582(c)(2) motion; the written plea agreement; the original and revised guidelines ranges of imprisonment; and the presentence report (PSR), which detailed the facts surrounding Morejon's failure to appear for his original sentencing hearing and his subsequent arrest. The district court exercised its discretion and granted a reduction that was within the amended guidelines range. *See Evans*, 587 F.3d at 673. While Morejon suggests that the district court did not sufficiently reduce his sentence, his argument is misguided. Because the district court was not obligated to reduce Morejon's sentence at all, the district court did not have to reduce it further than it did within the recalculated guidelines range. *Id.* Accordingly, the district court did not abuse its discretion by not granting Morejon a greater reduction in sentence. *See id.*

Morejon does not show that he was entitled to an evidentiary hearing. *See* FED. R. CRIM. P. 43(b)(4); *United States v. Patterson*, 42 F.3d 246, 248-49 (5th Cir. 1994). Further, while a district court that intends to rely on new evidence in ruling on a § 3582(c)(2) motion should give the defendant adequate notice and an opportunity to respond, there was no new evidence considered by the district court in ruling on Morejon's § 3582(c)(2) motion. *Cf. United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999).

The district court's judgment is AFFIRMED.