# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 16-10055
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL CHARLES REED,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CR-94-3

—————

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Michael Charles Reed, federal prisoner # 28753-177, moves for leave to proceed in forma pauperis (IFP) on appeal. He seeks to challenge the denial of his 18 U.S.C. § 3582(c)(2) motion in which he sought a sentence reduction pursuant to Amendment 782 to U.S.S.G. § 2D1.1. His motion for leave to proceed IFP constitutes a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

We review the district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion, and its interpretation of the Guidelines de novo. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). An abuse of discretion occurs if the district court bases its decision upon an error of law or a clearly erroneous assessment of the evidence. *Id.*

Amendment 782 retroactively lowered most drug-related base offense levels in § 2D1.1(c) by two levels. The district court implicitly held that Reed was eligible for a reduction in his sentence, but denied his motion after considering the original and reduced guidelines ranges, a synopsis of his behavior while incarcerated, the information from his original sentencing (including his criminal history and offense conduct), and the factors under 18 U.S.C. § 3553(a) that were relevant to the potential modification of his sentence (including his criminal history, public safety issues, offense conduct, and post-sentencing conduct).

On appeal, Reed argues that the district court abused its discretion because it (i) declined to hold an evidentiary hearing; (ii) declined to appoint counsel for Reed; and (iii) failed to properly analyze the § 3553(a) or discuss or explain its consideration and application of the § 3553(a) factors.

Reed has failed to raise a nonfrivolous argument that the district court abused its discretion in denying his § 3582(c)(2) motion. First, Reed has identified no factual dispute that would have been resolvable by the district court; therefore he was not entitled to an evidentiary hearing. *See* FED. R. CRIM. P. 43(b)(4); *United States v. Patterson*, 42 F.3d 246, 248-49 (5th Cir.

1994).  Second, Reed was not entitled to the appointment of counsel as a matter of right, *see United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995), and Reed has not established that the interests of justice militated in favor of appointing counsel, *United States v. Robinson,* 542 F.3d 1045, 1052 (5th Cir. 2008).  Finally, the district court "was under no obligation to reduce [Reed's] sentence at all," and need not mention the § 3553(a) factors—or any of its reasons—when ruling upon a § 3582(c)(2) motion, even though the record makes clear that the district court did consider the § 3553(a) factors.  *United States v. Evans*, 587 F.3d 667, 672-73 (5th Cir. 2009).

Accordingly, the district court did not abuse its discretion in denying Reed's § 3582(c)(2) motion.  *See Henderson*, 696 F.3d at 717.  Because the appeal lacks arguable merit and is therefore frivolous, Reed's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.