# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2020

Lyle W. Cayce
Clerk

No. 19-40722
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ANTONIO RENDON-DIAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-358-3

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Rendon-Diaz, federal prisoner # 40254-379, appeals the district court's denial of his second 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. His second motion, which was substantively identical to his first motion, claimed that he was eligible for a sentence reduction based on Amendment 782 to the Sentencing Guidelines, which became effective on November 1, 2014, and modified the drug quantity table set out in U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2D1.1(c), effectively lowering most drug-related base offense levels by two levels. *See* U.S.S.G., App. C., Amend. 782. Rendon-Diaz had previously been convicted of possession with intent to distribute a quantity exceeding five hundred grams of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii)(II) and 18 U.S.C. § 2 and was sentenced to 120 months of imprisonment followed by four years of supervised release.

According to Rendon-Diaz, the district court erred in denying his second § 3582(c)(2) motion without reconsidering the 18 U.S.C. § 3553(a) factors. He also complains that the court failed to consider "his post-conviction rehabilitation and other mitigating factors." Finally, he claims that his due process rights were violated when the court denied his motion sua sponte without giving him notice or an opportunity to be heard.

The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). The issue of whether a district court has the authority to reduce a sentence under § 3582 is reviewed de novo. *United States v. Morgan*, 866 F.3d 674, 675 (5th Cir. 2017).

Though Rendon-Diaz faults the district court for failing to reconsider the § 3553(a) factors before ruling on his second § 3582(c)(2) motion, such consideration is only required after a district court first determines that a reduction of a defendant's sentence is consistent with U.S.S.G. § 1B1.10. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). A reduction of Rendon-Diaz's sentence would be inconsistent with § 1B1.10 because his original sentence was based on the career-offender guideline in U.S.S.G. § 4B1.1, not § 2D1.1, and Amendment 782 did not have the effect of lowering his guidelines range. *See* § 1B1.10(a)(2)(B); § 3582(c)(2); *see, e.g., United States v. Quintanilla*, 868 F.3d 315, 321 (5th Cir. 2017) (per curiam). Because Rendon-Diaz was not eligible for a sentence reduction, the district court did not have

the discretion to consider reducing his sentence and was not required to consider the § 3553(a) factors. *See Dillon*, 560 U.S. at 826.

Rendon-Diaz also complains that the district court failed to consider his "post-conviction rehabilitation," such as his participation in various life skills courses and other inmate programming offered by the Bureau of Prisons. There is no indication in the record that these arguments were presented to the district court.[1]   In any case, the court was not required to consider post-sentencing rehabilitative conduct. *See* § 1B1.10, comment. (n.1(B)(iii)); *see also United States v. Evans*, 587 F.3d 667, 673 & n.10 (5th Cir. 2009).

Finally, Rendon-Diaz claims that the district court violated his right to Due Process when it denied his § 3582(c)(2) motion "without giving him notice" or "the chance to be heard."  This court has stated that an evidentiary hearing is generally only required in a § 3582(c)(2) proceeding if a factual dispute exists. *United States v. Catlin*, 404 F. App'x 918, 920 (5th Cir. 2010) *see also United States v. Patterson*, 42 F.3d 246, 248-49 (5th Cir. 1994) (per curiam) (stating that a defendant has no right to be present when a district court is merely modifying an existing sentence).  Rendon-Diaz has identified no factual dispute that would have been resolvable by the district court.[2]

The denial of Rendon-Diaz's motion for a sentence reduction was not an abuse of discretion considering the facts of his case and the wide discretion granted to district courts under § 3582(c)(2). *See Henderson*, 636 F.3d at 717. Accordingly, the district court's judgment is AFFIRMED.

---

[1] To the extent that Rendon-Diaz is arguing, as part of his Due Process claim, that he would have raised his rehabilitative efforts had the district court granted a hearing on his § 3582(c)(2) motion, he was not entitled to such a hearing.

[2] Rendon-Diaz appears to challenge the quantity of drugs attributed to him in his presentence report. "A § 3582(c)(2) motion is not the appropriate vehicle for raising [issues related to the original sentencing]." *Evans*, 587 F.3d at 674 (internal quotation marks and citation omitted).  Such arguments are "for direct appeal and are not cognizable under § 3582(c)(2)." *Id.* (citation omitted).