# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2022

Lyle W. Cayce
Clerk

No. 21-60631

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Santana,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CR-86-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Jose Santana, federal prisoner #06753-059, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release and concurrently moves this court for the appointment of counsel. As to the former, Santana argues the district court erred by considering the 18 U.S.C. § 3553(a) factors *before* considering whether he demonstrated

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60631

extraordinary and compelling reasons for a sentence reduction. But Santana's focus on the order of this analysis loses the forest for the trees.

Even were we to assume § 3582(c)(1)(A) requires a district court to consider whether "extraordinary and compelling reasons warrant . . . a reduction" *prior to* weighing § 3553(a)'s equally mandatory considerations,[1] Santana does not challenge the substance of the latter analysis. This is fatal. It is beyond dispute that "compassionate release . . . [can] be refused after weighing the sentencing factors." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Any putative error in the sequencing of the district court's analysis is therefore harmless. *See* FED. R. CRIM. P. 52(a); *cf., e.g.,* *United States v. Buhl*, 313 F. App'x 717, 718 (5th Cir. 2009) (holding that any procedural error in denying the defendant's § 3582(c)(2) motion was harmless because he was not eligible for a sentence reduction).

Santana's motion for appointment of counsel is therefore DENIED, and the district court's order is AFFIRMED.

---

[1] We briefly pause to note that Santana provides no support for this contention. *Cf.* 18 U.S.C. § 3582(c)(1)(A)(i) (providing that a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) . . . if it finds . . . extraordinary and compelling reasons warrant such a reduction").