# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2010

Charles R. Fulbruge III
Clerk

No. 08-31029
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR G KELLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:95-CR-30024-1

Before GARZA, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Victor G. Kelley, federal prisoner # 09040-035, appeals the district court's denial of 18 U.S.C. § 3582(c)(2) relief from his 360-month sentence following his conviction for distributing crack cocaine. Kelley contends that all sentences inconsistent with *United States v. Booker*, 543 U.S. 220 (2005), have now been lowered. He invokes *United States v. Kimbrough*, 552 U.S. 85 (2007), and argues that the probation officer should not have increased his sentence by three levels for being a manager or supervisor of the conspiracy. He contends the quantity

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of cocaine on which he was sentenced was not proven beyond a reasonable doubt to the jury. He also argues that the district court should have ordered a hearing.

Although the district court's decision whether to reduce a sentence ordinarily is reviewed for an abuse of discretion, a court's interpretation of the Guidelines is reviewed de novo. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). Because the district court's denial of Kelley's motion was based on its determination that Kelley's sentence remained the same under the amended Guidelines, review is de novo. *See id.*

Even with the two-level reduction to Kelley's base offense level, his guidelines range of imprisonment remained the same. The district court was thus correct in concluding that a reduction was not permitted under § 3582(c)(2). *See* § 3582(c)(2). Kelley's argument that he was entitled to § 3582(c)(2) relief from the enhancement to his offense level for his leadership role is unavailing. On its face, Amendment 706 applies only to offense levels based on crack and does not apply to enhancements. *See* U.S.S.G. Supp. to App'x C, Amend. 706. Kelley's argument that the district court had the discretion to reduce his sentence under § 3582 in light of *Booker* is unavailing because "the concerns at issue in *Booker* do not apply in an 18 U.S.C. § 3582(c)(2) proceeding." *Doublin*, 572 F.3d at 238. Although the Guidelines must be treated as advisory in an original sentencing proceeding, *Booker* does not prevent Congress from incorporating a guidelines provision "as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)." *Id.* at 239 (internal quotation and citation omitted).

The district court thus did not err in denying Kelley's motion for a reduction of sentence. Nor did the court err in failing to hold a hearing or in failing to order a new presentence report. *See* FED. R. CRIM. P. 32, 43(b)(4); *United States v. Patterson*, 42 F.3d 246, 248-49 (5th Cir. 1994). The district court's judgment is AFFIRMED.