# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2010

No. 09-30226
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KELVIN M JONES, also known as Kevin Maurice Jones,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:97-CR-43-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kelvin M. Jones appeals from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction in his sentence. He argues that the district court erred: in denying the motion based solely upon his criminal history and without otherwise explicitly referencing the sentencing factors set forth in 18 U.S.C. § 3553(a); in failing to acknowledge the disproportionate punishments for crack and powder cocaine; and in not conducting a live evidentiary hearing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion[1] and begin by noting that the court "was under no obligation to reduce [the prisoner's] sentence at all."[2]  The court need not mention the § 3553(a) factors – or any of its reasons – when ruling upon a § 3582(c)(2) motion, but the record makes clear that the court did consider both the § 3553(a) factors and the crack sentencing disparities.[3]  Indeed, the district court weighed Jones's extensive criminal history – and, implicitly, his continuing danger – when determining that Jones warranted no reduction.[4]  Although this court has mused whether in a § 3582(c)(2) proceeding the prisoner should get "an evidentiary hearing once he contest[s] the factual basis of some of the Government's contentions,"[5] Jones has not articulated a factual dispute; instead, he seeks a hearing to challenge the district court's conclusions.  To this he is not entitled.[6]

AFFIRMED.

---

[1] *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

[2] *Id.* at 673 (citing *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009)).

[3] *See id.* at 673–74 (explaining in part that "a court is not required to state findings of facts and conclusions of law when denying a § 3582(c)(2) motion" (citation and quotation marks omitted)).

[4] *See* 18 U.S.C. § 3553(a)(1) & (2)(C); U.S.S.G. § 1B1.10 cmt. n.1.(B)(ii).

[5] *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008).

[6] *See United States v. Kelley*, No. 08-31029, 2010 WL 582711, at *1; 2010 U.S. App. LEXIS 3393, at *3 (5th Cir. Feb. 12, 2010) (unpublished) (citing *United States v. Patterson*, 42 F.3d 246, 248–49 (5th Cir. 1994); FED. R. CRIM. P. 43); *United States v. Hawthorne*, No. 09-30265, 2010 WL 10938, at *1; 2010 U.S. App. LEXIS 97, at *2 (5th Cir. Jan. 4, 2010) (unpublished) (same); *see also Evans*, 587 F.3d at 669 (noting that the district court did not grant a hearing on the § 3582(c)(2) matter).