# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2010

Charles R. Fulbruge III
Clerk

No. 08-10667
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO TURNER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:93-CR-29-12

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Antonio Turner, federal prisoner # 05839-031, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence following the recent amendments to the Sentencing Guidelines for crack cocaine offenses. Turner argues that the district court erred by failing to consider the sentencing factors of 18 U.S.C. § 3553(a) and by denying his motion on the basis of his prison disciplinary record without first holding an evidentiary hearing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section § 3582 directs the court to consider the sentencing factors of § 3553(a). *See* § 3582(c); *United States v. Evans,* 587 F.3d 667, 673 (5th Cir. 2009), *petition for cert. filed* (Jan. 28, 2010) (No. 09-8939).  However, the court is not required to provide reasons for its denial of a § 3582 motion or to explain its consideration of the § 3553(a) factors. *See Evans*, 587 F.3d at 674.  If the record shows that the district court gave due consideration to the motion as a whole and implicitly considered the § 3553(a) factors, then there is no abuse of discretion. *See United States v. Cooley*, 590 F.3d 293, 298 (5th Cir. 2009); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

The district court had the benefit of Turner's § 3582(c)(2) motion, two completed § 3582 motion questionnaire forms, Turner's original Presentence Investigation Report and Addendum, and the probation officer's worksheet and supplemental report regarding Turner's eligibility for a reduction of sentence. On one of the questionnaire forms, Turner specifically discussed the information he wanted the court to consider in evaluating the § 3553(a) factors.  In addition, the probation officer's worksheet included a section discussing the § 3553(a) factors, particularly the nature and circumstances of Turner's underlying offense.  Thus, the record reflects that the district court considered Turner's motion and implicitly considered the § 3553(a) factors. *See Evans,* 587 F.3d at 673; *Whitebird*, 55 F.3d at 1010.

To the extent Turner is arguing that the district court erred by basing the denial of his motion on his extensive prison disciplinary record, the 2008 amendments to the Sentencing Guidelines allow a court to consider a defendant's post-sentencing conduct.  U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)). In addition, we have "decline[d] to hold that a district court cannot consider post-conviction conduct in determining whether to grant a sentencing reduction under § 3582(c)(2)." *United States v. Smith*, ___ F.3d ___, 2010 WL 366745, *1 (5th Cir. Feb. 3, 2010).

No. 08-10667

Turner also argues that the district court erred by denying his motion without holding an evidentiary hearing.  Because it involves only a modification of a previously imposed sentence, a defendant need not be present at a § 3582(c) proceeding.  *See* FED. R. CRIM. P. 43(b)(4).  Moreover, because he failed to challenge the probation officer's Supplemental Report, Turner concedes there were no facts in dispute to warrant an evidentiary hearing.

AFFIRMED.