# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 2, 2010

Lyle W. Cayce
Clerk

No. 08-10749
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ARTHUR MOORE, JR

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CR-23-4

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Arthur Moore, Jr., federal prisoner # 34590-177, appeals the district court's order granting his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. Moore argues that the district court erred by implicitly determining that it could not resentence him below the modified guidelines sentence range. Citing *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), he maintains that *United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough v. United States,* 552 U.S. 85 (2007), apply to § 3582(c)(2) proceedings and make the guidelines sentence range

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-10749

advisory only. Moore asserts that, even after the guideline amendments, the crack to powder ratio in the Guidelines is unreasonable and that he should be resentenced using a 20-1 ratio. He maintains that the district court committed procedural error by not giving a sufficient explanation for the sentence and by not holding an evidentiary hearing. Moore additionally argues that the district court erred by denying his motion for appointment of counsel, and he moves for appointment of counsel on appeal.

We review the district court's decision for abuse of discretion. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). District courts are limited to the reduction in a sentence allowed by the two-level decrease in a defendant's offense level; they may not depart downwardly from the resulting offense level. *United States v. Doublin*, 572 F.3d 235, 236 (5th Cir.), *cert. denied,* 130 S. Ct. 517 (2009). Moore's argument based on *Booker* and *Kimbrough* therefore is unavailing, and the district court did not err by implicitly determining that it could not resentence Moore below the recalculated guidelines sentence range. *See id.*

The district court was not required to give any reasons for the sentence, and, therefore, it did not abuse its discretion by failing to give sufficient reasons for the sentence. *See United States v. Evans,* 587 F.3d 667, 674 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). Moore did not have a right to be present at the § 3582(c) proceeding. *See* FED. R. CRIM. P. 43(b)(4). As Moore has not challenged the district court's guidelines sentence range calculation, he has not shown that a factual dispute existed, and the district court did not abuse its discretion by not holding an evidentiary hearing. *See United States v. Jones*, 370 F. App'x 477, 478 (5th Cir. 2010), *petition for cert. filed* (June 10, 2010) (No. 09-11346).

There is no right to appointed counsel in a § 3582(c)(2) proceeding. *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995); *United States v. Hereford,* No. 08-10452, 2010 WL 2782780 at *1-*2 (5th Cir. July 12, 2010)

2

(unpublished).  Moreover, the interest of justice did not require the appointment of counsel because Moore's § 3582(c)(2) motion did not involve complicated or unresolved issues.  *Cf. United States v. Robinson,* 542 F.3d 1045, 1052 (5th Cir. 2008).  The district court did not err by denying Moore's motion for appointment of counsel, and we decline to appoint counsel on appeal for the same reasons.

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.