# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 19, 2010

Lyle W. Cayce
Clerk

No. 08-30801
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

WILLIAM BAKER,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-120-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

William Baker, federal prisoner # 28337-034, appeals the district court's judgment denying him an 18 U.S.C. § 3582(c)(2) sentence reduction even though Baker's base offense level was reduced pursuant to retroactive Amendment 706 to the crack cocaine Sentencing Guidelines.  Baker is serving a 200-month sentence for possession with intent to distribute 50 grams or more of cocaine base.  The district court declined to exercise its discretion to reduce Baker's sentence because it found that his 200-month sentence was "within the amended

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines range and appropriate after reviewing [his] PSI and prison record." The Government's argument that Baker's appeal is barred by the appeal waiver contained in Baker's plea agreement is foreclosed by our decision in *United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009).

Baker mistakenly asserts that the district court recalculated his offense level as if he was sentenced as a career offender. He also mistakenly asserts that his base offense level at sentencing was 31, instead of 33, and that his base offense level should therefore have been reduced to 29, instead of 31, pursuant to Amendment 706 to the crack cocaine Guidelines.

Baker argues that, when the district court denied him a reduction to his sentence, it failed to consider the 18 U.S.C. § 3553(a) factors, *Kimbrough v. United States,* 552 U.S. 85 (2007), and *United States v. Booker,* 543 U.S. 220 (2005). He contends that the district court wrongly relied on his criminal history and prison disciplinary record to deny his motion, although he concedes that the district court could consider his post-sentencing conduct in deciding whether to reduce his sentence. He complains that he did not have an opportunity to be heard before the district court denied his motion, and he asks that his case be remanded to the district court for an evidentiary hearing. Finally, he argues that his sentence violates his right to equal protection under the law.

A district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). If the record shows that the district court gave due consideration to the motion as a whole and implicitly considered the § 3553(a) factors, there is no abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Baker's argument that the district court should have considered *Kimbrough* and *Booker* is unavailing. *See Dillon v. United States*, 130 S. Ct. 2683, 2690-92 (2010); *United States v. Doublin*, 572 F.3d 235, 237-39 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). Moreover, Baker may not raise an equal

protection challenge to his sentence in a § 3582(c) proceeding. *See Whitebird,* 55 F.3d at 1011 ("A § 3582(c)(2) motion is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence.").

Baker's criminal history and his post-sentence incarceration were appropriate considerations for the district court when denying Baker a sentence reduction. *See United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir.), *cert. denied,* 130 S. Ct. 3374 (2010); *United States v. Jones*, 370 F. App'x 477 (5th Cir.), *cert. denied*, 2010 WL 2398569 (Oct. 18, 2010). In addition, Baker was not entitled to a hearing in connection with his § 3582(c) motion. *See* FED. R. CRIM. P. 43(b)(4); *United States v. Patterson*, 42 F.3d 246, 248-49 (5th Cir. 1994). As Baker has not shown that the district court abused its discretion in denying him a sentence reduction pursuant to § 3582(c)(2), the district court's judgment is AFFIRMED. *See Evans,* 587 F.3d at 672; *Whitebird,* 55 F.3d at 1010. His motion to amend his appellate brief is GRANTED, and his motions to remand the case and to hold his appeal in abeyance are DENIED.