# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 6, 2012

Lyle W. Cayce
Clerk

No. 11-11234

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAWRENCE CAREY, also known as Winkey,

Defendant - Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06–CR–73–3

Before STEWART, Chief Judge, GARZA, and ELROD, Circuit Judges.

PER CURIAM:[*]

Lawrence Carey ("Carey"), federal prisoner # 35453-177, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion seeking modification of his 240-month below-Guidelines sentence for conspiracy to possess and distribute more than five grams of cocaine base ("crack cocaine"), aiding and abetting the distribution of more than five grams of crack cocaine, and distribution of more than five grams of crack cocaine. Carey argues that the district court abused its discretion in denying his § 3582(c)(2) motion. He contends that his sentence was lowered by Amendment 750 to the Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11234

Guidelines and that he is entitled to a modification of his sentence. We conclude that the district court erred in calculating the sentencing range applicable to Carey under the amended Guidelines, and its order denying Carey's motion based on the erroneous calculation was an abuse of discretion. Accordingly, we VACATE the district court's order and REMAND this case to the district court for further proceedings.

I.

Carey was convicted in 2006. According to the pre-sentence report ("PSR"), Carey was accountable for at least 1.5 kilograms of crack cocaine and his base-offense level was thirty-eight. The PSR also included a two-level enhancement for Carey's possession of a dangerous weapon and another two-level enhancement for obstructing justice, resulting in a total-offense level of forty-two. Carey's total-offense level, combined with his Category I criminal-history score, yielded an advisory Guidelines range of 360 months' to life imprisonment.

At sentencing, the district court sustained some of Carey's objections to the PSR. While paragraph twenty-two of the PSR stated that Carey and another defendant cooked powder cocaine into crack cocaine, producing approximately 4.37 to 8.75 kilograms over thirty-five weeks, the district court concluded that the basis for this statement was not reliable; therefore, it sustained Carey's objection to paragraph twenty-two. The district court also sustained Carey's objection to paragraph twenty-three of the PSR, which stated that Carey supplied approximately fifty to 300 kilograms of crack cocaine to another defendant; again, the court concluded that the basis for this statement was not reliable.

No. 11-11234

Following these rulings, the district court discussed with the Assistant United States Attorney ("AUSA") what quantities of cocaine it should take into account for the purpose of calculating the correct Guidelines offense level. Under the Guidelines at that time, if Carey's offenses involved at least 1.5 kilograms of crack cocaine, his base-offense level was thirty-eight, and the AUSA explained how—even after the district court's rulings—the testimony showed that Carey's offenses involved 1.62 kilograms of crack cocaine. Based on the AUSA's explanation and the testimony at the sentencing hearing, the district court found that:

> the quantity involved is at least 1.5 kilograms or more or cocaine base and that, therefore, the base offense level is 38. It's based on different information from what we had in the presentence report. It's based on the information that was developed during the course of this proceeding, and, of course, we have his factual resume as to two transactions. And so I find that the other calculations by the probation officer are correct, which leads to a total offense level of 42.

The district court then adopted the PSR as modified by its rulings and statements from the bench.

The district court ultimately deviated from the applicable Guidelines range and imposed concurrent sentences of 240 months' imprisonment. The district court acknowledged that, based on a total-offense level of forty-two, the advisory range was 360 months to life, but it concluded that the lower sentence was necessary to avoid disparity in sentencing between Carey and a co-defendant. This court affirmed Carey's conviction and sentence on direct appeal.

In 2008, Carey moved for a reduction in his sentence under § 3582(c)(2) based on Amendment 706 to the Sentencing Guidelines. The district court denied the motion because, even though the amended Guidelines range was

No. 11-11234

lower than Carey's original range, Carey's 240-month sentence was still below the amended Guidelines range based on the factors in 18 U.S.C. § 3553(a).  In October 2011, Carey filed another motion under § 3582(c)(2), this time relying on Amendment 750 to the Sentencing Guidelines.  The district court again denied the motion.  Although the district court determined that the amended Guidelines range was lower than the range applicable when Carey was sentenced, it concluded that Carey's 240-month sentence was still less than the minimum of the amended Guidelines range.  Carey timely filed an appeal of the district court's order and was granted permission to proceed *in forma pauperis* in this court.

II.

Carey argues that the district court abused its discretion in denying his § 3582(c)(2) motion because Amendment 750 retroactively lowered the applicable Guidelines range below his sentence.  Carey also asserts that an unidentified co-defendant has been granted a sentence reduction, so his sentence should likewise be reduced to avoid unwarranted sentencing disparity.  We reject Carey's sentencing-disparity argument because it is entirely speculative and not supported by the record.  But we agree with Carey that the district court abused its discretion in denying his § 3582(c)(2) motion.

Section 3582(c)(2) affords a district court discretion to modify a defendant's sentence in certain cases when the Sentencing Commission has subsequently lowered the Guidelines range.  *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).  We review for abuse of discretion a district court's decision whether to reduce a sentence under § 3582(c)(2).  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009) (citation omitted).  "A district court 'abuses its discretion if

No. 11-11234

it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *United States v. Smith*, 417 F.3d 483, 486–87 (5th Cir. 2005) (quoting *United States v. Mann*, 161 F.3d 840, 860 (5th Cir. 1998)). "We review *de novo* the district court's legal determinations regarding the application of the sentencing guidelines." *United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999) (citation omitted).

Section 3582(c)(2) establishes a two-step inquiry. *See* 18 U.S.C. § 3582(c)(2). Step one requires a district court to consider whether a defendant is eligible for a sentence reduction under § 1B1.10 of the Sentencing Guidelines. *Dillon v. United States*, 130 S.Ct. 2683, 2691 (2010). Section 1B1.10 instructs a court to determine the amended Guidelines range applicable to the defendant and then impose a sentence equal to or above the low end of the amended range unless the defendant's original sentence was below the Guidelines range. *Id.* at § 1B1.10(b)(1), (2)(A)-(B). If the defendant originally received a below-Guidelines sentence, a district court may grant a comparable reduction under the amended Guidelines range. *Id.* at § 1B1.10(b)(2)(B); *see Dillon*, 130 S.Ct. at 2691–92. Step two requires that the district court "consider any applicable § 3553(a) factors[1] and determine whether, in its discretion, the reduction authorized by [§ 1B1.10] is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 130 S.Ct. at 2692 (footnote added).

---

[1] Section 3553 instructs the court to "impose a sentence sufficient, but not greater than necessary" and to consider, in determining a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and punish the offense, to deter criminal conduct, protect the public, and provide the defendant with training or medical treatment; (3) the kinds of sentences available; (4) the sentencing range established in the Guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to victims of the offense. 18 U.S.C. § 3553(a).

No. 11-11234

When the district court originally sentenced Carey, the base-offense level for possessing at least 1.5 kilograms or more of crack cocaine was thirty-eight. But Amendment 750 changed the drug quantity table in § 2D1.1(c) of the Sentencing Guidelines.[2] Now, the base-offense level for possessing at least 840 grams but less than 2.8 kilograms of crack cocaine is thirty-four, while the base-offense level is thirty-six for possessing between 2.8 and 8.4 kilograms of crack cocaine and thirty-eight if the defendant possessed more than 8.4 kilograms. *Id.* § 2D1.1(c)(1)–(2). Thus, under the amended Guidelines and taking into account Carey's two sentence enhancements and criminal-history score, Carey would be subject to the following possible sentence ranges: (1) If he was held accountable for at least 840 grams but less than 2.8 kilograms, his total-offense level would be thirty-eight and his sentencing range 235 to 293 months; (2) if he was held accountable for at least 2.8 kilograms but less than 8.4 kilograms, his total-offense level would be forty and his sentence range 292 to 365 months; and (3) if he was held accountable for more than 8.4 kilograms, his total-offense level would be forty-two and his sentencing range 360 months to life. *See* U.S.S.G. Sentencing Table, Ch. 5, Pt. A.

The district court denied Carey's § 3582(c)(2) motion because it concluded that Carey's original 240-month sentence was "less than the minimum of the amended guideline range." But, based on the record, we cannot agree with this

---

[2] The Fair Sentencing Act ("FSA") changed the drug quantities necessary to trigger mandatory minimum sentences for powder and crack cocaine offenses. FSA, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372 (Aug. 3, 2010). The Sentencing Commission amended the drug quantity table in § 2D1.1 to conform with the new statutory sentences set out in the FSA. *See* United States Sentencing Comm'n, *Guidelines Manual, Supp. to Appendix C–Vol. III*, Amendment 750, at 391–98 (Nov. 1, 2011). Amendment 759 made Amendment 750's changes to the drug quantity table in § 2D1.1(c) retroactive. *See id.* at 416–21 (amending § 1B1.10(c) to make parts A and C of Amendment 750 retroactively applicable).

No. 11-11234

conclusion.  At the sentencing hearing, the district court sustained Carey's objections to statements in the PSR concerning the amounts of crack cocaine for which he was responsible.  Then, after considering testimony and the AUSA's position that the testimony showed Carey was accountable for 1.62 kilograms of crack cocaine, the district court found that the quantity involved was at least 1.5 kilograms.  The court explicitly stated that it made this finding "based on different information from what we had in the [PSR]."  Therefore, the record does not show that the district court held Carey accountable for 2.8 kilograms or more of crack cocaine, which is the threshold amount for the purposes of our inquiry.  Under the amended Guidelines, the base-offense level for possessing at least 850 grams but less than 2.8 kilograms is thirty-four, and that base-offense level combined with Carey's two sentence enhancements and criminal-history score, results in a total-offense level of thirty-eight and a sentencing range of 235-293 months, the bottom of which is below his 240-month sentence.

We conclude that the district court's only finding in support of denying Carey's § 3582 motion—namely, that Carey's 240-month sentence is less than the lowest end of the amended Guidelines range—is not correct.  Because the district court relied on this erroneous finding to deny Carey's motion, that ruling was an abuse of discretion.  *See Smith*, 417 F.3d at 486–87.  Furthermore, the district court's error is not harmless because nothing in the record suggests that the district court would not have reduced the sentence but for the error in the calculation of the amended Guidelines range.  *See United States v. Andrews*, 390 F.3d 840, 846 & n.9 (5th Cir. 2004) (explaining that to show harmless error, the government must show that the defendant's sentence would have been the same absent the district court's error).

Carey argues that if we reach this point in our analysis, we should hold that he is entitled to a modification of his sentence.  We disagree.  The district

No. 11-11234

court's error compels us to vacate its order, but on remand the district court must consider any applicable § 3553(a) factors and whether, in its discretion, a reduction is warranted under the circumstances of this case. *See Dillon*, 130 S.Ct. at 2692; *Mueller*, 168 F.3d at 189–90.

## III.

For the foregoing reasons, we VACATE the district court's order and REMAND this case to the district court for further proceedings consistent with this opinion.