# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-50345

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DERRICK DWAYNE BRISCOE,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:92-CR-26

Before PRADO, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

This is an appeal from the district court's decision denying a motion for sentence reduction under 18 U.S.C. § 3582. Derrick Dwayne Briscoe argues that the district court abused its discretion in denying his sentence-reduction motion without holding an evidentiary hearing in light of the fact that the basis for the denial is inconsistent with the facts found at sentencing. We agree and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50345

VACATE the district court's denial of the motion for sentence reduction and REMAND for clarification and/or an evidentiary hearing.

## FACTS AND PROCEDURAL HISTORY

Briscoe was convicted in 1993 of conspiracy to possess crack cocaine with intent to distribute. *United States v. Mitchell*, 31 F.3d 271, 273-74 (5th Cir. 1994). At sentencing, the district court did not fully adopt the Presentence Investigation Report (PSR), which charged Briscoe with responsibility for the conspiracy's 24 kilograms of crack cocaine. Instead, the district court assigned Briscoe responsibility for a drug quantity of "somewhere between five and 15 kilograms of 'crack' cocaine."

Most recently, in December 2011, Briscoe filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Sentencing Guidelines Amendment 750. He argued that he had been completely rehabilitated and no longer posed a threat to society, and he contended that under *Kimbrough v. United States*, 552 U.S. 85 (2007), he was entitled to a new sentencing hearing because nothing in the record supported the sentencing finding that he was responsible for between five and 15 kilograms of cocaine. The district court denied the motion sua sponte, holding that Briscoe was not eligible for relief because the amendment was not applicable to him as he was held responsible for more than 8.4 kilograms of crack cocaine. Briscoe subsequently filed this appeal.

## DISCUSSION

Briscoe asserts that the district court erred in ruling that he was not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and abused its discretion in making a new drug-quantity finding without providing him an opportunity to challenge this finding. Briscoe also asserts that the district court erred in finding that his offense involved more than 8.4 kilograms of crack cocaine. The Government maintains that the district court's denial of

No. 12-50345

Briscoe's sentence-reduction motion was procedurally adequate and that the record adequately supports the district court's finding that Briscoe's offense involved more than 8.4 kilograms of crack cocaine.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in cases where the sentencing range has been subsequently lowered by the Sentencing Commission. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). In those cases, the district court may reduce the sentence after considering the applicable factors of 18 U.S.C. § 3553 and the pertinent guideline policy statements. *Id.* This court reviews a district court's order sua sponte denying relief under § 3582(c)(2) for abuse of discretion. *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011). "A court abuses its discretion when the court makes an error of law or 'bases its decision on a clearly erroneous assessment of the evidence.'" *Id.* (quoting *United States v. Lipscomb*, 299 F.3d 303, 338-39 (5th Cir. 2002)). The district court's factual findings are reviewed for clear error, while legal determinations regarding the application of the sentencing guidelines are reviewed de novo. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

A two-step analysis applies in proceedings under § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). The district court must first determine "the amended guideline range that would have been applicable to the defendant if the relevant amendment had been in effect at the time of the initial sentencing." *United States v. Hernandez*, 645 F.3d 709, 711 (5th Cir. 2011); *see Dillon*, 560 U.S. at 827. If the defendant is eligible for a sentence modification, the district court must then consider any applicable factors under § 3553 to determine whether a modification is warranted. *Hernandez*, 645 F.3d at 711-12; *see Dillon*, 560 U.S. at 827. Section 3582(c) proceedings are not full resentencings, and a new sentencing hearing is not required. *Dillon*, 560 U.S. at 826-31.

3

No. 12-50345

When Briscoe was sentenced, between five kilograms and 15 kilograms of crack cocaine base yielded a base offense level of 40. U.S.S.G. § 2D1.1(c)(2) (1993). Amendment 750 retroactively lowered the base offense levels for various crack cocaine quantities in the drug quantity tables in § 2D1.1(c). *See* U.S.S.G., app. C, amend. 750, at 391–98 (2011). Under the retroactive, amended version of § 2D1.1(c)(2), 8.4 kilograms or more of cocaine base triggers the (now) highest base offense level, 38, while a quantity between 2.8 kilograms and 8.4 kilograms results in a base offense level of 36. *See* § 2D1.1(c)(1) (2011); *United States v. Carey*, 496 F. App'x 405, 408 n.2 (5th Cir. 2012) (explaining Amendment 750).

In the instant case, the district court denied § 3582(c)(2) relief based on its finding that Briscoe was held responsible for more than 8.4 kilograms of crack cocaine at sentencing. The district court determined that Briscoe's new guideline range is identical to his previous guideline range, and accordingly, he is not eligible for a sentence reduction. Briscoe argues that this is clearly erroneous. He points to the actual sentence rendered in 1993 when the district court attributed to Briscoe "somewhere between five and 15 kilograms of 'crack' cocaine." When applied to the amended offense levels, the district court's original range of responsibility now spans two offense level ranges. *See* § 2D1.1(c)(1) (2011). If Briscoe was responsible for a quantity less than 8.4 kilograms, then his sentence would be reduced based on a lower offense level. *See* U.S.S.G., Chap. 5, Sentencing Table.

The Government contends that the district court's more-than-8.4-kilograms finding is supported by adequate evidence. We disagree. Further, on direct appeal, this court considered whether the district court's five-to-15 kilogram finding was clearly erroneous and did not make new factual findings. *Mitchell*, 31 F.3d at 277; *see Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). The district court's original findings remain undisturbed.

4

No. 12-50345

Additionally, the Government's reliance on *Hernandez*, 645 F.3d at 712, is misplaced, in that *Hernandez* is distinguishable from the instant case. In *Hernandez*, this court concluded that the district court did not abuse its discretion in refusing to modify Hernandez's sentence or refusing to grant an evidentiary hearing on the matter. *Id*. The district court had originally stated that Hernandez was responsible for a quantity of drugs exceeding 1.5 kilograms. *Id*. at 710. Subsequently, in considering the applicability of Amendment 706, the district court determined it did not apply because Hernandez was responsible for more than 4.5 kilograms of crack cocaine. *Id*. This court affirmed. *Id*. at 712. Because the sentencing court adopted the PSR's determination of a drug quantity of 32.5 kilograms, that finding was sufficient to support the defendant's sentence under the amended guidelines. *See id*. at 710-12.

In this case, however, the district court did not adopt the PSR that assigned Briscoe responsibility for 24 kilograms of crack cocaine. Rather, the sentencing court adopted a drug-quantity range of somewhere between five and 15 kilograms, thereby rejecting the PSR's estimate. Thus, unlike in *Hernandez*, there was no prior-accepted PSR estimate on which the district court's resentencing decision could rest. Rather, the district court's finding, that Amendment 750 did not apply because Briscoe was held responsible for more than 8.4 kilograms of crack cocaine at sentencing, is not consistent with the sentencing record.

There is evidence in the record to indicate that Briscoe was personally responsible for an amount of crack cocaine less than 8.4 kilograms. Additionally, the more-than-8.4-kilograms amount is not derived either from an implicit or explicit review of the PSR and is contradictory to the range set by the sentencing court. Accordingly, we conclude that the district court

5

abused its discretion.[1]  Further, this court has previously concluded that an evidentiary hearing would be proper under such circumstances.  *See United States v. Edwards*, No. 97-60326, 1998 WL 546471,*3 (5th Cir. 1998) ("In deciding a § 3582(c)(2) motion, the general rule applies requiring a factual dispute before an evidentiary hearing is necessary[.]"); *United States v. Jones*, 370 F. App'x 477, 478 (5th Cir. 2010) (suggesting that if a prisoner contests the factual basis for the denial of his motion under § 3582(c)(2) he is entitled to an evidentiary hearing); and *United States v. Turner*, 372 F. App'x 455, 456 (5th Cir. 2010) (noting lack of factual dispute to warrant evidentiary hearing). Although these opinions are unpublished, they are persuasive.  *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

Accordingly, we vacate the district court's denial of the motion for sentence reduction and remand for clarification and/or an evidentiary hearing to determine whether Briscoe is eligible for the sentence reduction.

---

[1] As the first issue is dispositive, we do not decide Briscoe's second issue of whether the district court clearly erred in finding that his offense involved more than 8.4 kilograms of crack cocaine.