# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41514
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANK TIJERINA, III,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-404-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Frank Tijerina, III, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion seeking a reduction of his concurrent 262-month sentences for distribution of methamphetamine and conspiracy to possess with intent to distribute a mixture containing methamphetamine pursuant to Amendment 782 to the Sentencing Guidelines. Tijerina contends that the district court erred by denying relief without conducting an evidentiary hearing, which he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues was required because the original sentencing court had failed to determine the quantity of drugs for which he could be held accountable. He further asserts that a conflict exists between his "written sentence" and the district court's oral pronouncement of a lower sentence and that the oral sentence must therefore prevail. Finding no abuse of discretion, we affirm. *See United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995).

Although § 3582(c)(2) does not provide for the right to an evidentiary hearing, our prior cases suggest that a hearing may be necessary where the facts relevant to the resolution of a § 3582(c) motion are in dispute. *See, e.g., United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011); *United States v. Briscoe*, 596 F. App'x 299, 302 (5th Cir. 2015) (unpublished); *United States v. Jones*, 370 F. App'x 477, 478 (5th Cir. 2010) (unpublished). The record here, however, does not reflect a relevant factual dispute. The transcript of the sentencing proceeding shows that the district court adopted the presentence report's (PSR) calculation that Tijerina was accountable for a marijuana-weight equivalent of 183,444.48 kilograms as well as its recommendation of a base offense level of 38. Even in the wake of Amendment 782, the PSR's attributable drug quantity calculation qualifies Tijerina for a base offense level of 38. *See* U.S.S.G. § 2D1.1(c)(1) & cmt. 8. Accordingly, Amendment 782 "does not have the effect of lowering [Tijerina's] applicable guideline range," and he thus was not entitled to a reduction of his sentence under § 3582(c). U.S.S.G. § 1B1.10(a)(2)(B).

Tijerina asserts that the district court did not fully adopt the PSR's findings regarding the quantity of drugs for which he was accountable. He bases this assertion on the court's addition of the words "as modified" when adopting the PSR at the sentencing hearing. It is clear from the sentencing transcript, however, that the modification the court was referring to was its

subtraction of an additional point for Tijerina's role in the conspiracy, which the district court addressed immediately prior to adopting the PSR.  Although Tijerina objected to the PSR's quantity-of-drug findings and testified that he was responsible for a considerably lesser quantity of drugs, the district court explicitly overruled those objections.  Tijerina also points to the district court's observation—made immediately after adopting the PSR—that it was "not necessary for the court to find the total amount of drugs that could be attributed to [Tijerina] under the various scenarios[, b]ut under any of the scenarios, even that admitted by the Defendant," the applicable offense level would be 38.   This remark does not disturb the court's adoption of the drug quantity findings in the PSR. Because those findings sufficed to refute Tijerina's claim to relief under § 3582(c), the district court did not abuse its discretion by failing to conduct an evidentiary hearing.  *See Hernandez*, 645 F.3d at 710, 712.

Turning to Tijerina's second argument, he correctly notes that in the event of a conflict between a written order and an oral ruling, the latter prevails. *See United States v. Loe*, 248 F.3d 449, 464 (5th Cir. 2001).  However, his argument does not concern any such discrepancy. Rather, Tijerina complains about the alleged dissonance between the PSR's attributable drug quantity calculation and the district court's own finding.  The PSR is neither an order nor a judgment, but merely a recommendation. *See, e.g., United States v. Harris*, 702 F.3d 226, 229 (5th Cir. 2012).  In any event, there is no conflict.   The district court adopted the PSR's attributable drug quantity calculation, and both the sentencing transcript and the written judgment reflect that Tijerina was sentenced to concurrent terms of 262 months. Moreover, even if Tijerina could point to an actual conflict, a § 3582(c)(2) motion is not a vehicle for challenging errors alleged to have occurred during

No. 15-41514

the initial sentencing proceeding. *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994).

AFFIRMED.