# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11250

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

MILTON EUGENE ROBINS,

     Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

July 31, 2017

Lyle W. Cayce
Clerk

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:90-CR-127-1

Before STEWART, Chief Judge, and JONES and CLEMENT, Circuit Judges.

PER CURIAM:*

     Defendant-Appellant appeals the district court's denial of his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). Because we conclude on the record before us that Defendant-Appellant is eligible for a sentence reduction under the statute, we vacate and remand.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11250

## I.    Facts & Procedural History

Milton Eugene Robins, federal prisoner # 02993-07, was convicted of conspiring to possess with intent to deliver more than 100 kilograms of marijuana and aiding and abetting his co-defendant's possession with intent to deliver more than 1,000 kilograms of marijuana. *See United States v. Robins*, 978 F.2d 881, 884 (5th Cir. 1992) (direct appeal). He is serving a 480-month term of imprisonment.[1]

Robins recently moved the district court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) under Amendment 782 to the Sentencing Guidelines. The district court denied his motion based on the Probation Office's recommendation that Robins is ineligible because he "is accountable for 90,720 kilograms of marijuana, which establishe[s] a Base Offense level of 38"—the same base level offense assigned to Robins at his original sentencing in 1991. Robins filed this appeal.

## II.    Standard of Review

A district court's ruling on a sentence reduction under § 3582(c)(2) is reviewed for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

## III.    Discussion

On appeal, Robins argues that the district court erred in determining that he was ineligible for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). We agree. Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)," so

---

[1] Robins is sixty-six years old and has been incarcerated for approximately twenty-six years now.

long as the reduction is consistent with the applicable policy statements. 18 U.S.C. § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). "The Supreme Court has prescribed a two-step inquiry for a district court that is considering a § 3582(c)(2) motion." *United States v. Benitez*, 822 F.3d 807, 810 (5th Cir. 2016) (per curiam) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)). First, the district court must "determine whether the defendant is eligible for a sentence reduction under § 1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 826–27). "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see also* 18 U.S.C. § 3553(a).

Sentencing Guidelines Amendment 782 modified the drug quantity table set forth in U.S.S.G. § 2D1.1(c), effectively lowering most drug-related base offense levels by two levels. *See* U.S.S.G. Supp. to App. C (Nov. 2016), Amend. 782. On November 1, 2015, Amendment 782 became retroactively applicable to defendants such as Robins who were sentenced prior to its effective date. *See* U.S.S.G. Supp. to App. C (Nov. 2016), Amend. 788. In determining whether an amendment has altered a movant's Sentencing Guidelines range, a court shall "determine the amended [G]uideline range that would have been applicable if the amendment had been in effect at the time the defendant was sentenced." *United States v. Garcia*, 655 F.3d 426, 430 (5th Cir. 2011) (internal quotation marks and citation omitted). It does "not consider any issues . . . other than those raised by the retroactive amendment," *id.* at 429, or disturb "the findings and calculations that formed the recommended sentencing range." *United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015); *see also* U.S.S.G. § 1B1.10(b)(1) ("[T]he court shall substitute only the amendments . . . for the corresponding guideline provisions that were applied when the

No. 16-11250

defendant was sentenced and shall leave all other guideline application decisions unaffected.").

Here, the quantity of drugs that the Probation Office attributed to Robins in recommending that the district court deny his motion is unsupported by the record. At his sentencing in 1991, the Government presented a ledger computing the amount that Robins was responsible for as between 48,004 and 83,345 kilograms of marijuana.[2] It did not offer any evidence to support the Probation Office's larger estimated amount of 90,720 kilograms. Nevertheless, noting that the Guidelines provided "a substantial margin for error," the district court accepted the Government's evidence, explaining that any of these amounts put the quantity attributable to Robins "somewhere" between 30,000 kilograms and 100,000 kilograms of marijuana—the 1991 Sentencing Guidelines range for a base offense level of 38.[3] *See* U.S.S.G. § 2D1.1(c), Level

---

[2] In the Government's Exhibit 1 presented to the sentencing court, three alternative computations for the estimated drug quantities attributable to Robins are shown: (1) between 59,090 kilograms and 70,454 kilograms, (2) 83,345 kilograms, and (3) 48,004 kilograms. In contrast, paragraphs (19) and (25) of the Presentence Report prepared in advance of the sentencing hearing state that "[b]ased on analysis of drug ledgers, interviews from codefendants, and admissions from the defendant, agents indicate that from 1984 to 1989, a conservative estimate of approximately 200,000 to 250,000 pounds of marijuana were distributed by the Robins Organization . . . [t]wo hundred thousand (200,000) pounds of marijuana converts to 90,720 kilograms of marijuana."

[3] The district court stated:

I have the obligation of attempting to approximate the quantity of the controlled substance during the time the conspiracy was in existence. . . . Here the task is made more difficult and complicated by the fact that this was a type of business or a series of transactions which because of their illegal nature complete records were not kept . . . . Consequently, the Probation Office in computing the . . . base offense level [of 38] used . . . the Guidelines manual which provides to use that offense level for an amount of marijuana of at least thirty thousand but less than a hundred thousand kilograms. Obviously, that is a big range of marijuana, and I believe that on the basis of the evidence adduced this morning that the efforts that anyone can make to reconstruct or approximate the amount of marijuana dealt in by Mr. Robins puts it somewhere in that range.

4

38 (Nov. 1991) ("At least 30,000 KG but less than 100,000 KG of Marihuana"). The district court explained that "assuming the inaccuracies of all other figures there and reducing them to zero would produce an amount of eighty thousand pounds[,] dividing that by 2.2 would still produce a quantity of marijuana in excess of thirty thousand kilograms which would put us in the range of marijuana to produce a Level 38 as the base offense level." These statements by the district court, vaguely estimating a minimum and maximum quantity potentially attributable to Robins cannot reasonably be construed as an adoption of the Probation Office's estimated amount of 90,720 kilograms.

In *United States v. Briscoe*, 596 F. App'x 299 (5th Cir. 2015) (per curiam) (unpublished), we addressed similar facts. There, the Presentence Report ("PSR") assigned an estimated drug quantity of 24 kilograms of crack cocaine to the defendant. *Id.* at 300. The sentencing court declined to accept that number, however, and instead adopted a range of "somewhere between five and 15 kilograms of 'crack' cocaine." *Id.* Later, the district court denied the defendant's Section 3582(c)(2) motion on grounds that he was not eligible for relief because he had been held responsible for more than 8.4 kilograms of crack cocaine. *Id.* On appeal, we vacated the district court's order, observing that there was evidence in the record that the defendant was personally responsible for less than 8.4 kilograms of crack cocaine, implicating the range of five to fifteen kilograms accepted by the district court. *Id.* at 302. We stated that in assessing a defendant's sentencing-reduction eligibility, a district court cannot rely on a drug quantity "contradictory to the range set by the sentencing court." *Id.*; *see also United States v. Valentine*, 694 F.3d 665, 670 (6th Cir. 2012) ("[I]f the record does not reflect a specific quantity finding but rather a finding or a defendant's admission that the defendant was responsible for 'at least' or 'more than' a certain amount, then the modification court must make

No. 16-11250

supplemental findings based on the available record to determine if applying the retroactive amendment lowers the Guideline range.").

Similarly here, the district court denied the motion relying on the larger estimated amount of 90,720 kilograms provided by the Probation Office—an amount that was not actually adopted by the sentencing court and is higher than the drug quantities actually supported by the Government's evidence at sentencing—between 48,004 and 83,345 kilograms. *See Briscoe*, 596 F. App'x at 302. Under the amended Guidelines, the base offense level for the range of drug quantities between 48,004 and 83,345 kilograms is 36. *See* U.S.S.G. § 2D1.1(c), Level 36 (Nov. 2015) ("At least 30,000 KG but less than 90,000 KG of Marihuana"). Thus, Robins is eligible for a sentencing reduction because Amendment 782 decreased his base offense level by two. *See* U.S.S.G. § 1B1.10 ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range."); *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) ("Step one of the [§ 3582(c)(2)] inquiry requires the court . . . to determine whether the prisoner is eligible for a sentence modification[.]"). Accordingly, we conclude that the district court erred in denying Robins's motion for a reduction on grounds that he was not eligible for relief under 18 U.S.C. § 3582(c)(2).[4]

## IV.  Conclusion

We vacate the district court's order denying a sentencing reduction based on Robins's ineligibility and remand for further proceedings. *See Henderson*,

---

[4] A review of our opinion in *United States v. Hernandez*, 645 F.3d 709 (5th Cir. 2011) (per curiam) indicates that it is not controlling here. There, we held that the district court did not err in denying the defendant's motion for sentence reduction. *Id*. at 713. In that case, the district court adopted the specific numerical quantity urged by the PSR which eliminated the defendant's eligibility for a possible sentence reduction. *Id*. at 712. Here, as explained, the district court only agreed that the Government's evidence supported a finding of a broad range of potential quantities attributable to the defendant and never adopted any specific numerical quantities presented at sentencing. *See id*.

636 F.3d at 717 ("Step two requires the court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case.") (internal quotation marks, footnote, and citation omitted).