# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11009
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 28, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MILTON EUGENE ROBINS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:90-CR-127-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Previously, this court determined that Milton Eugene Robins[1] was eligible for a sentence reduction under Amendment 782 to the Sentencing Guidelines. *United States v. Robins*, 703 F. App'x 271, 272-74 (5th Cir. 2017). We remanded the matter to the district court for further proceedings. *Id.* at 274. On remand, the district court granted the motion for a sentence reduction and reduced the sentence of imprisonment to 389 months.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Federal prisoner # 02993-078.

No. 18-11009

Although Robins initially expressed his gratitude for the district court's grant of relief, he subsequently filed a motion styled Nunc Pro Tunc Motion for Error Correction, asserting that the original sentence and the adjusted sentence were not comparable because the original sentence was within the original guidelines range of 360 months to life and the adjusted sentence varied upward from the adjusted guidelines range of 292-365 months. A comparable sentence, he contended, would have been within the adjusted guidelines range. The motion was denied, and Robins's motion for reconsideration was also denied. Robins has appealed both orders.

We have construed Robins's Nunc Pro Tunc Motion for Error Correction as a successive motion under 18 U.S.C. § 3582(c)(2). *See United States v. Calton*, 900 F.3d 706, 710-11 (5th Cir. 2018). The district court was not obligated to reduce Robins's sentence at all and was therefore "under no obligation to reduce it even further within the recalculated range." *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). The record shows that the district court gave due consideration to the motion as a whole and considered the statutory sentencing factors; thus, there is no abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995); 18 U.S.C. § 3553(a). The district court's orders are AFFIRMED.